## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | |
| Jennifer Leverne Bootz Evans d/b/a Bling and Burlap Buy In's and Blanks, | (1) **TRADEMARK AND TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| Defendant. | (2) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| | (3) **TRADEMARK AND TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);** |
| | (4) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);** |
| | (5) **PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271;** |
| | (6) **TRADEMARK AND TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;** |
| | (7) **COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT;** |
| | (8) **COMMON LAW UNFAIR COMPETITION;** |
| | (9) **COMMON LAW MISAPPROPRIATION; AND** |
| | (10) **UNJUST ENRICHMENT.** |
| | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Jennifer Leverne Bootz ("Defendant"), based on knowledge and on information and belief as appropriate, alleges as follows:

1

**The Parties**

1.     YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.     Upon information and belief, Defendant is an individual residing at 3507 Hillview Pl., Godfrey, IL 62035.

3.     Upon information and belief, Defendant does business over the Internet using Facebook™ including the Facebook™ group Bling and Burlap Buy In's and Blanks at https://www.facebook.com/groups/1046736258711289/.

**Jurisdiction and Venue**

4.     This is an action for trademark and trade dress infringement, unfair competition and false designation of origin, and trademark and trade dress dilution, patent infringement, misappropriation, and unjust enrichment.  This action arises under Texas Business & Commerce Code, state common law, including the law of Texas, federal common law, the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("Lanham Act"), and the Patent Act, 35 U.S.C. § 1, *et seq*.

5.     This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

6.     Defendant did and, upon information and belief, continues to advertise, offer for sale, and sell infringing insulated drinkware and cooler products to customers, including customers in the State of Texas and in this District.

7.     This Court may exercise personal jurisdiction over Defendant based upon Defendant's contacts with this forum, including at least Defendant's tortious acts giving rise to this lawsuit within this district, and Defendant's regular and intentional conduct of business here.

8.     Venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

**General Allegations – YETI's Trademarks & Trade Dress**

9.     For many years, YETI has engaged in the development, manufacture, and sale of

2

premium, heavy-duty insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs in the United States and in Texas.  Through that extensive and continuous promotion and use, *inter alia*, the YETI designs have become well-known indicators of the origin and quality of YETI insulated drinkware.  The YETI designs also have acquired substantial secondary meaning in the marketplace and have become famous.  YETI owns trademark and trade dress rights relating to the source identifying features of its insulated drinkware designs.

10.     Specifically, YETI sells insulated drinkware products, the "YETI$^{®}$ 30 oz. Rambler$^{™}$ Tumbler" and the "YETI$^{®}$ 20 oz. Rambler$^{™}$ Tumbler," hereinafter referred to as "the Rambler Tumblers," and the "YETI$^{®}$ Rambler$^{™}$ Colster," hereinafter referred to as "the Rambler Colster."  As a result of YETI's considerable investments and efforts, the Rambler Tumblers and the Rambler Colster are designed and built to provide extreme insulating capabilities and exceptional durability.  YETI has invested substantially in the design, development, manufacture, and marketing of the Rambler Tumblers and the Rambler Colster.

11.     YETI has enjoyed significant sales of the Rambler Tumblers and the Rambler Colster throughout the United States, including sales to customers in the state of Texas.  YETI has expended significant resources advertising and marketing the Rambler Tumblers and the Rambler Colster.

12.     The Rambler Tumblers and the Rambler Colster designs also have distinctive and non-functional features that identify to consumers that the origin of the Rambler Tumblers and the Rambler Colster is YETI.  As a result of YETI's continuous and exclusive use of the designs, YETI's marketing, advertising and sales of the designs, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the Rambler Tumblers and the Rambler Colster designs.

13.     Illustration 1 below shows an exemplary image of the YETI$^{®}$ 30 oz. Rambler$^{™}$ Tumbler sold by YETI.

**Illustration 1:  Exemplary Image of a YETI 30 oz. Rambler Tumbler**



14.     YETI's trade dress rights in the design and appearance of the YETI 30 oz. Rambler Tumbler, includes, but is not limited to, (1) the design and appearance of the walls of the tumbler; (2) the design and appearance of the rim of the tumbler; (3) the design, appearance and placement of the taper in the side wall of the tumbler; (4) the design, appearance and placement of the upper portion, mid portion and bottom portion of the side wall of the tumbler, alone and in combination; (5) the design, appearance and placement of the style line around the base of the tumbler; (6) the design, appearance and placement of the tab on the lid of the tumbler; (7) the design, appearance and placement of the drinking opening on the lid of the tumbler; (8) the design, appearance and placement of the top plane of the lid of the tumbler; (9) the design, appearance and placement of the side walls of the lid of the tumbler; and (10) the color contrast and color combinations of the tumbler and the tumbler lid; whether these elements are alone or in any combination with each other, and including the overall look and appearance of the tumbler and tumbler lid.  These features, alone or in combination, and including the overall look and appearance of the YETI 30 oz. Rambler Tumbler, are collectively hereafter

referred to as the "YETI 30 oz. Trade Dress."

15.    Illustration 2 below shows an exemplary image of the YETI® 20 oz. Rambler™ Tumbler sold by YETI.

| Illustration 2:  Exemplary Image of a YETI 20 oz. Rambler Tumbler |
|---|
|  |

16.    YETI's trade dress rights in the design and appearance of the YETI 20 oz. Rambler Tumbler, includes, but is not limited to, (1) the design and appearance of the walls of the tumbler; (2) the design and appearance of the rim of the tumbler; (3) the design, appearance and placement of the taper in the side wall of the tumbler; (4) the design, appearance and placement of the style line around the base of the tumbler; (5) the design, appearance and placement of the tab on the lid of the tumbler; (6) the design, appearance and placement of the drinking opening on the lid of the tumbler; (7) the design, appearance and placement of the top plane of the lid of the tumbler; (8) the design, appearance and placement of the side walls of the lid of the tumbler; and (9) the color contrast and color combinations of the tumbler and the tumbler lid; whether these elements are alone or in any combination with each other, and including the overall look and appearance of the tumbler and tumbler lid.  These features, alone or in combination, and including the overall look and appearance of the YETI 20 oz. Rambler

Tumbler, are collectively hereafter referred to as the "YETI 20 oz. Trade Dress."

17.     Illustration 3 below shows an exemplary image of the Rambler Colster sold by YETI.

| Illustration 3:  Exemplary Image of a YETI Rambler Colster |
| :---: |
|  |

18.     YETI's trade dress rights in the design and appearance of the YETI Rambler Colster, includes, but is not limited to (1) the design and appearance of the walls of the container; (2) the design and appearance of the gasket of the container; (3) the design, appearance and placement of the top plane of the gasket of the container; (4) the design, appearance, and placement of the side walls of the container and the side walls of the gasket, (5) the design, appearance and placement of the style line around the top of the tumbler; (6) the design, appearance and placement of the style line around the base of the container; (7) the design and appearance of the bottom of the container; and (8) the color contrast and color combinations of the container and the gasket; whether these elements are alone or in any combination with each other, and including the overall look and appearance of the container and the gasket.  These features, alone or in combination, and including the overall look and appearance of the YETI Rambler Colster, are collectively hereafter referred to as the "YETI Colster Trade Dress."

19.     For almost ten years, YETI has also continuously engaged in the development,

manufacture, and sale of premium, heavy-duty coolers.  YETI created unique, distinctive, and non-functional designs to use with YETI's coolers.  YETI has extensively and continuously promoted and used these designs for years in the United States.  Through that extensive and continuous use, YETI's designs have become a well-known indicator of the origin and quality of YETI's cooler products.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns trademark and trade dress rights relating to the source-identifying features of its cooler designs. YETI also owns Design Patent Nos. D712,720; D712,721; D712,722; D712,723; D732,348; D732,349; D732,350; and D732,899 (hereafter, the "YETI Patents") to features of the YETI cooler designs (attached as Exhibits A – H).

20.     In about 2008, YETI introduced its "Roadie®" and "Tundra®" coolers into the marketplace.  In about 2014 YETI introduced its "Hopper™" coolers into the marketplace.

21.     As a result of YETI's considerable investments and efforts, the Roadie®, Tundra®, and Hopper™ coolers are designed and built to provide extreme insulating capabilities and exceptional durability.  YETI has invested substantial resources in the design, development, manufacture, and marketing of its coolers.

22.     YETI has sold more than 350,000 Hopper™ coolers, more than 400,000 Roadie® coolers more than 1,000,000 Tundra® coolers throughout the United States, including sales to customers in the State of Texas.  YETI has expended significant resources advertising and marketing its Hopper™, Roadie® and Tundra® coolers.  The design and features of YETI's Hopper™, Roadie® and Tundra® coolers have received widespread and unsolicited public attention.  For example, the Hopper™, Roadie® and Tundra® coolers have been featured in numerous newspaper, magazine, and Internet articles directed to outdoor enthusiasts.

23.     The designs of the Hopper™, Roadie® and Tundra® coolers have distinctive and non-functional features that identify to consumers that the origin of the coolers is YETI.  As a result of at least YETI's continuous and exclusive use of the designs of the Hopper™, Roadie® and Tundra® coolers, YETI's marketing, advertising, and sales of the coolers, and the highly

valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Hopper™, Roadie® and Tundra® coolers, which consumers have come to uniquely associate with YETI.

24.     Illustrations 4 and 5 below show exemplary YETI Roadie® and Tundra® coolers.



**Illustration 4:  Exemplary Image of a YETI Roadie® Cooler.**



**Illustration 5:  Exemplary Images of a YETI Tundra® 45 Cooler and a YETI Tundra® 65 Cooler.**

**YETI Tundra® 45 Cooler**

**YETI Tundra® 65 Cooler**

25.    YETI's trade dress rights in the designs and appearances of the Roadie® and Tundra® coolers include, but are not limited to: (1) the style line on the front of the cooler; (2) the style line on the back of the cooler; (3) the style line on each side of the cooler; (4) the "duck-

bill" tapered front corners of the cooler; (5) the inverted style line above the nameplate and below the lid; (6) the ledge around the perimeter of the cooler; (7) the front, side, and rear design of the feet of the cooler; (8) the placement and design of the slots on the front, and rear of the cooler; (9) the placement of the name plate on the front between the two front style lines; (10) the design of the name plate and name plate lettering; (11) the ornamental appearance of the latches; (12) the shape and appearance of the cooler handle(s); and (13) the color contrast, color combinations, and shapes of features of the cooler, whether these elements are alone or in any combination with each other, including the overall look and appearance of the Roadie® and Tundra® coolers.  These features, alone or in combination, and including the overall look and appearance of the Roadie® and Tundra® coolers, are collectively hereafter referred to as the "YETI Cooler Trade Dress."

26.     Illustration 6 below shows an exemplary YETI Hopper™ cooler.

**Illustration 6:  Exemplary Image of a YETI Hopper™ Cooler.**



27.     YETI's trade dress rights in the designs and appearances of the Hopper™ cooler include, but are not limited to: (1) the color contrast, color combinations, and shapes of features of the cooler; (2) the design and appearance of the top plane of the cooler; (3) the design and appearance of the rim around the top  plane of the cooler; (4) the design and appearance of the zipper on the top plane of the cooler; (5) the ornamental appearance of the zipper handle; (6) the

design and appearance of the side walls of the cooler; (7) the design, appearance, and placement of the handles of the cooler; (8) the design, appearance, and placement of the straps on the cooler; (9) the design, appearance, and placement of the stitching on the cooler; (10) the style line around the bottom portion of the cooler; (11) the design and placement of the name plate and name plate lettering; and whether these elements are alone or in any combination with each other, including the overall look and appearance of the Hopper™ cooler.  These features, alone or in combination, and including the overall look and appearance of the Hopper™ cooler, are collectively hereafter referred to as the "YETI Hopper Trade Dress."

28.     As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware and cooler products bearing YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress, and the publicity and attention that has been paid to YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress, YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have become famous and have acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate them as source identifiers of YETI.

29.     YETI has taken additional steps to protect its ornamental cooler designs.  YETI has obtained United States Design Patent Nos. D712,720; D712,721; D712,722; D712,723; D732,348; D732,349; D732,350; and D732,899 to features of the ornamental cooler design. Exemplary views of claims of the YETI Patents are displayed in Illustration 7 below.  YETI owns all right, title, and interest in the YETI Patents.

11



| Illustration 7:  Exemplary Views of YETI Patent Claims | |

U.S. Patent No. D712,720

U.S. Patent No. D712,722

U.S. Patent No. D712,721

U.S. Patent No. D712,723

U.S. Patent No. D732,348

U.S. Patent No. D732,349



| U.S. Patent No. D732,350 | U.S. Patent No. D732,899 |

30.     Because of YETI's use and promotion of the trademarks "YETI," "TUNDRA," "ROADIE," and "HOPPER" throughout the United States in connection with its drinkware and cooler products, consumers have come to associate "YETI," "TUNDRA," "ROADIE," and "HOPPER" as a source identifier of YETI, and YETI owns trademark rights in these marks.

31.     YETI also owns Trademark Registration No. 3,203,869 ("the '869 registration") for "YETI" for portable coolers, Trademark Registration No. 4,083,930 ("the '930 registration") for "TUNDRA" for portable coolers and Trademark Registration No. 4,083,932 ("the '932 registration") for "ROADIE" for portable coolers.  A copy of the '869 registration is attached as Exhibit I, a copy of the '930 registration is attached as Exhibit J, and a copy of the '932 registration is attached as Exhibit K.

**General Allegations – Defendant's Unlawful Activities**

32.     Defendant has and, upon information and belief, is continuing to misappropriate YETI's trademark and trade dress rights and YETI's goodwill and secondary meaning in YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress in the Rambler Tumblers, the Rambler Colster and YETI's trademarks and the YETI Cooler Trade Dress in the Roadie,® Tundra® and Hopper™ coolers and infringe the YETI Patents.  Defendant has and, upon information and belief, is purposefully advertising, offering for sale and selling insulated drinkware and cooler products that include YETI's trademarks, the

YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress, and that bear designs that are substantially similar to the YETI Patents (the "Infringing Products").  Defendant is falsely and confusingly using YETI's trademarks to offer for sale and sell the Infringing Products. Defendant's Infringing Products are offered in the same sizes as YETI's own products. Defendant's Infringing Products are confusingly similar imitations of the Rambler Tumblers, the Rambler Colster and the Roadie,® Tundra® and Hopper™ coolers and the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress.  Defendant's actions infringe and dilute YETI's trademark rights and trade dress rights, infringe the YETI Patents, constitute unfair competition and false designation of origin, as well as unjust enrichment, misappropriation, and common law trademark infringement.

33.     Images and content related to Defendant's offers for sale of the Infringing Products are provided in the illustrations below.

**Illustration 8:  Exemplary Excerpts Of Offers By Defendant To Sell Infringing Products**



Yeti Coolers

Please make sure you are placing your order with the right cooler. The mint cooler is in limited quantities. These will drop ship directly to you from the manufacturer in 5-7 days after payment. If you do not receive your cooler in 5-7 business days after payment please notify me. I will send your tracking number once I receive it. I will NOT see these cooler prior to them being shipped, please open it immediately and let me know if you have any problems. Every cooler will be invoiced separately through Paypal. I know some of the prices have changed but this was after 60 plus emails and lot's of negotiating. These are the only coolers I am offering, the prices will not change. If you need something bigger please message me and I will do my best to accommodate you.  If you are one of the people who gets the sea-foam green cooler I will message you tonight. This buy will close at 12pm CST. Do not share this buy on any other page, do not use this form for your personal use. If I see any of this information shared in any other group (and I will) you will be deleted and your order will be cancelled. Happy Buying and good luck ~ Jenn and Tracy!

**Yeti Hopper 20**

**White Roadie**



**Tundra 65 $300.00**



**20 0unce Yeti with Lid**



34.     Additional examples of Defendant's offers for sale of Infringing Products are attached as Exhibit L.

35.     Defendant has and, upon information and belief, is purposefully advertising, offering for sale and selling the Infringing Products through Defendant's Facebook™ group.

36.     YETI used YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress extensively and continuously before Defendant began selling, offering to sell, distributing, or advertising the Infringing Products.  Moreover, YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress became famous and acquired secondary meaning in the United States and in the State of Texas before Defendant commenced its use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress.

37.     YETI never authorized Defendant to sell, offer to sell, distribute, or advertise the Infringing Products.

38.     Defendant used YETI's trademarks and trade dress in, *inter alia*, advertising, offering to sell, and selling the Infringing Products.

39.     Defendant's activities infringe on the YETI Patents.

40.     Defendant engages in substantial activity in Texas and this District.  Examples of Defendant's activity include that Defendant's offers for sale of the Infringing Products reaches into Texas, including in this District.

41.      As a result of Defendant's activities related to the Infringing Products, there is a strong likelihood of confusing associations in the marketplace between the Infringing Products and Defendant on the one hand, and YETI's trademarks, the Rambler Tumblers, the Roadie,® Tundra® and Hopper™ coolers, the Rambler Colster, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and YETI on the other hand, that is indicative of consumer confusion and misappropriation of YETI's hard-earned rights and goodwill in YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress.

42.     Counsel for YETI spoke with Defendant and informed her that her actions infringed YETI's rights and must stop.   Defendant subsequently mischaracterized this conversation in public postings.

43.     On information and belief – as evidenced at least by the facts and circumstances alleged above – Defendant's infringements have been intentional and willful, in bad faith, and manifest a deliberate and knowing disregard of YETI's trademark, trade dress and patent rights, making this an exceptional case under 15 U.S.C. § 1117, entitling YETI to, among other things, Defendant's profits, actual damages, enhanced damages, and attorneys' fees under at least Tex. Bus. & Com. Code § 16.104 and/or 15 U.S.C. § 1117.

18

**Count I:**
**Trademark and Trade Dress Infringement under Section 43(a) of the Lanham Act, 15**
**U.S.C. § 1125(a)**

44.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 43, inclusive, and incorporates them by reference herein.

45.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's rights in YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress. Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and/or colorable imitations thereof is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with YETI and as to the origin, sponsorship or approval of the Infringing Products.

46.     YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress are entitled to protection under federal, state and common law.

47.     The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress use unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress in the United States.  Through that extensive and continuous use, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have become well-known indicators of the origin and quality of YETI insulated drinkware and cooler products.  The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI 30 oz. Trade Dress, the

19

YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof in connection with the Infringing Products.

48.     Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

49.     Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress.

50.     On information and belief, Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by Defendant's copying of YETI's trademarks in an effort to sell Infringing Product and by the Defendant's continuing disregard for YETI's trademark and trade dress rights as demonstrated by conduct exhibited by Defendant through Defendant's Facebook™ group.

51.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendant's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1116 and 1117.

**Count II:**
**Unfair Competition and False Designation of Origin under Section 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

52.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 51 above, inclusive, and incorporates them by reference herein.

53.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitutes unfair competition, at least because the Defendant has obtained an unfair advantage as compared to YETI, through its use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and/or colorable imitations  thereof to falsely designate the origin, affiliation or sponsorship of Defendant and of the Infringing Products.

54.     YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress are entitled to protection under federal, state and common law.

55.     The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress use unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress in the United States.  Through that extensive and continuous use, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have become well-known indicators of the origin and quality of YETI insulated drinkware and cooler products.  The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster

Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have also acquired substantial secondary meaning in the marketplace. Moreover, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof in connection with the Infringing Products.

56. Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof constitutes a false designation of origin that is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

57. Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress.

58. On information and belief, Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by Defendant's copying of YETI's trademarks in an effort to sell Infringing Product and by the Defendant's

continuing disregard for YETI's trademark and trade dress rights as demonstrated by conduct exhibited by Defendant through Defendant's Facebook™ group.

59.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1116 and 1117.

**Count III:**
**Trademark and Trade Dress Dilution under Section 43(c) of the Lanham Act, 15 U.S.C.**
**§ 1125(c)**

60.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 59 above, inclusive, and incorporates them by reference herein.

61.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

62.     YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress are entitled to protection under federal, state and common law.  YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress use unique, distinctive, and non-functional designs.  YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress in the United States.  Through that extensive and continuous use, YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have become famous, well-known indicators of the origin and quality of YETI insulated drinkware and cooler products throughout the United States, and are widely recognized by the general consuming public as a designation of the source

of YETI's insulated drinkware and cooler products.  YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress became famous and acquired this secondary meaning before Defendant commenced its use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof in connection with the Infringing Products.

63.     Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof is likely to cause, and has caused, dilution of the famous YETI trademarks, YETI 30 oz. Trade Dress, YETI 20 oz. Trade Dress, YETI Colster Trade Dress, YETI Cooler Trade Dress and YETI Hopper Trade Dress at least by eroding the public's exclusive identification of the famous YETI trademarks, YETI 30 oz. Trade Dress, YETI 20 oz. Trade Dress, YETI Colster Trade Dress, YETI Cooler Trade Dress and YETI Hopper Trade Dress with YETI, by lessening the capacity of the famous YETI trademarks, YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress to identify and distinguish YETI insulated drinkware and cooler products, by associating YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress with products of inferior quality, and by impairing the distinctiveness of the famous YETI trademarks, YETI 30 oz. Trade Dress, YETI 20 oz. Trade Dress, YETI Colster Trade Dress, YETI Cooler Trade Dress and YETI Hopper Trade Dress.

64.     Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has caused, and, unless enjoined, will

24

continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress.

65.     On information and belief, Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.   Defendant's bad faith is evidenced at least by the Defendant's continuing disregard for YETI's trademark and trade dress rights as demonstrated by conduct exhibited by Defendant through Defendant's Facebook™ group.

66.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV:**
**Trademark Infringement Under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

67.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 66 above, inclusive, and incorporates them by reference herein.

68.     Based on the activities described above, including, for example, Defendant advertising, offering for sale, and selling the Infringing Products, and Defendant using at least YETI's "YETI," "TUNDRA," and "ROADIE" federally registered trademarks in connection with advertising, offering for sale, and selling the Infringing Products, Defendant has infringed YETI's "YETI," "TUNDRA," and "ROADIE" trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).   Defendant's use of "YETI," "TUNDRA," and "ROADIE" is likely to cause confusion, or to cause mistake, or to deceive.

69.     Defendant's use of "YETI," "TUNDRA," and "ROADIE" has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's products.

70.     On information and belief, Defendant's use of "YETI," "TUNDRA," and "ROADIE" has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by Defendant's copying of YETI's trademarks in an effort to sell Infringing Product and by the Defendant's continuing disregard for YETI's trademark rights as demonstrated by conduct exhibited by Defendant through Defendant's Facebook™ group.

71.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits, actual damages, enhanced profits and damages, costs, and YETI's reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

## Count V:
## Patent Infringement under 35 U.S.C. § 271

72.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 71 above, inclusive, and incorporates them by reference herein.

73.     By making, using, selling, and/or offering for sale the Infringing Products, Defendant has infringed and will continue to infringe the YETI Patents under 35 U.S.C. § 271 literally and/or under the doctrine of equivalents.

74.     On information and belief, Defendant's infringement of the YETI Patents under 35 U.S.C. § 271 is willful and deliberate.

75.     As a consequence of Defendant's infringing acts, YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. §§ 281, 284, 285, and 289.

76.     As a consequence of Defendant's infringing acts, Defendant also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under 35 U.S.C. § 283.

**Count VI:**
**Trademark and Trade Dress Dilution under Tex. Bus. & Com. Code § 16.103**

77.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 76 above, inclusive, and incorporates them by reference herein.

78.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products violate Section 16.103 of the Texas Business & Commerce Code.

79.     YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress are entitled to protection under Texas law.  YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress use unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have become famous and well-known indicators of the origin and quality of YETI insulated drinkware and cooler products in the United States and in the State of Texas, and YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress are widely recognized by the public throughout Texas as a designation of the source of YETI's insulated drinkware and cooler products.  YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress also acquired substantial secondary meaning in the marketplace, including in the State of Texas.  Moreover, YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress became famous and acquired this secondary meaning before Defendant

commenced its use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof in connection with the Infringing Products.

80.    Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof is likely to cause, and has caused, dilution of the famous YETI trademarks, YETI 30 oz. Trade Dress, YETI 20 oz. Trade Dress, YETI Colster Trade Dress, YETI Cooler Trade Dress and YETI Hopper Trade Dress at least by eroding the public's exclusive identification of the famous YETI trademarks, YETI 30 oz. Trade Dress, YETI 20 oz. Trade Dress, YETI Colster Trade Dress, YETI Cooler Trade Dress and YETI Hopper Trade Dress with YETI, by lessening the capacity of the famous YETI trademarks, YETI 30 oz. Trade Dress, YETI 20 oz. Trade Dress, YETI Colster Trade Dress, YETI Cooler Trade Dress and YETI Hopper Trade Dress to identify and distinguish YETI insulated drinkware and cooler products, by associating YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress with products of inferior quality, and by impairing the distinctiveness of the famous YETI trademarks, YETI 30 oz. Trade Dress, YETI 20 oz. Trade Dress, YETI Colster Trade Dress, YETI Cooler Trade Dress and YETI Hopper Trade Dress.

81.    Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress.

82.     On information and belief, Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.   Defendant's bad faith is evidenced at least by the Defendant's continuing disregard for YETI's trademark and trade dress rights as demonstrated by conduct exhibited by Defendant through Defendant's Facebook™ group.

83.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count VII:**
**Common Law Trademark and Trade Dress Infringement**

84.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 83 above, inclusive, and incorporates them by reference herein.

85.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute common law trademark and trade dress infringement, at least because the Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and/or colorable imitations  thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Infringing Products.

86.     The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress are entitled to protection under federal, state and common law.  The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress use unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress in the United States and the State of Texas.  Through that extensive and continuous use, the YETI

30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have become well-known indicators of the origin and quality of YETI insulated drinkware and cooler products.  The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof in connection with the Infringing Products.

87.     Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

88.     Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress.

89.     On information and belief, Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler

Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by Defendant's copying of YETI's trademarks in an effort to sell Infringing Product and by the Defendant's continuing disregard for YETI's trademark and trade dress rights as demonstrated by conduct exhibited by Defendant through Defendant's Facebook™ group.

90.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**Common Law Unfair Competition**

91.     YETI re-alleges each and every allegation set forth in paragraphs 1 through 90 above, inclusive, and incorporates them by reference herein.

92.     Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of the Defendant's goods and/or by using YETI's trademarks and simulating the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress in an intentional and calculated manner.

93.     The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress are entitled to protection under federal, state, and common law.  The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress use unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress for years in the United States and the State of Texas.  Through that extensive and continuous use, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have become well-known indicators of

the origin and quality of YETI insulated drinkware and cooler products.  The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof in connection with the Infringing Products.

94.     Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

95.     Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress.

96.     On information and belief, Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by Defendant's

copying of YETI's trademarks in an effort to sell Infringing Product and by the Defendant's continuing disregard for YETI's trademark and trade dress rights as demonstrated by conduct exhibited by Defendant through Defendant's Facebook™ group.

97.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

### Count IX:
### Common Law Misappropriation

98.    YETI re-alleges each and every allegation set forth in paragraphs 1 through 97 above, inclusive, and incorporates them by reference herein.

99.    Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute common law misappropriation.

100.    The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress are entitled to protection under federal, state and common law.  The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress use unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress for years in the United States and the State of Texas.  Through that extensive and continuous use, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have become well-known indicators of the origin and quality of YETI insulated drinkware and cooler products.  The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade

33

Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof in connection with the Infringing Products.

101.    YETI created the products covered by YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress through extensive time, labor, effort, skill and money. Defendant has wrongfully used YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and/or colorable imitations thereof in competition with Plaintiffs and gained a special advantage because they were not burdened with the expenses incurred by YETI. Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with YETI.

102.    Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress.  Moreover, as a result of its misappropriation, Defendant has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort and money that YETI invested in establishing the reputation and goodwill of

YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress.

103.    Defendant's misappropriation of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by Defendant's copying of YETI's trademarks in an effort to sell Infringing Product and by the Defendant's continuing disregard for YETI's trademark and trade dress rights as demonstrated by conduct exhibited by Defendant through Defendant's Facebook™ group.

104.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Count X:**
**Unjust Enrichment**

105.    YETI re-alleges each and every allegation set forth in paragraphs 1 through 104 above, inclusive, and incorporates them by reference herein.

106.    Defendant's offers to sell, sales, distribution, and/or advertisement of Infringing Products, in direct competition with YETI, constitute unjust enrichment, at least because Defendant has wrongfully obtained benefits at YETI's expense.

107.    The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress are entitled to protection under federal, state and common law.  The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress use unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress for years in the United States and the State of Texas.  Through that extensive and continuous use, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI

Cooler Trade Dress and the YETI Hopper Trade Dress have become well-known indicators of the origin and quality of YETI insulated drinkware and cooler products.  The YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress have also acquired substantial secondary meaning in the marketplace.  Moreover, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress acquired this secondary meaning before Defendant commenced its use of the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof in connection with the Infringing Products.

108.    YETI created the products covered by YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress through extensive time, labor, effort, skill and money. Defendant has and is wrongfully using YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and/or colorable imitations thereof in competition with YETI, and has and is gaining a wrongful benefit by undue advantage, because they have not been burdened with the expenses incurred by YETI, yet is obtaining the resulting benefits for its own business and products.

109.    Defendant's use of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress.  YETI accumulated this goodwill and reputation through extensive

time, labor, effort, skill, and investment.  Defendant has and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

110.    Defendant's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by Defendant's copying of YETI's trademarks in an effort to sell Infringing Product and by the Defendant's continuing disregard for YETI's trademark and trade dress rights as demonstrated by conduct exhibited by Defendant through Defendant's Facebook™ group.

111.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendant's profits.

## DEMAND FOR JURY TRIAL

112.    Plaintiff YETI Coolers LLC hereby demands a jury trial on all issues so triable as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

### <u>Relief Sought</u>

WHEREFORE, Plaintiff respectfully prays for:

1.    Judgment that Defendant has (i) infringed YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress in violation of § 1125(c) of Title 15 in the United States Code; (iv) infringed YETI's "YETI" registered trademark in violation of § 1114(1) of Title 15 in the United States Code; (v) diluted the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress in violation of Tex. Bus. & Com. Code § 16.103; (vi) violated YETI's common law rights in

37

YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress; (vii) engaged in common law unfair competition; (viii) engaged in common law misappropriation; (ix) been unjustly enriched at YETI's expense; and (x) infringed the YETI Patents in violation of § 271 of Title 35 in the United States Code, and that these wrongful activities by Defendant were willful;

2.     A preliminary and permanent injunction against further infringement and dilution of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress, further infringement of the YETI Patents, and further acts of unfair competition, misappropriation and/or unjust enrichment by Defendant, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the Infringing Products, or any other products that use YETI's trademarks and/or a copy, reproduction, or colorable imitation of the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress or the YETI Patents, pursuant to at least Tex. Bus. & Com. Code § 16.104 and 15 U.S.C. § 1116;

3.     An Order directing Defendant to recall all Infringing Products sold and/or distributed and provide a full refund for all recalled Infringing Products;

4.     An Order directing the destruction of (i) all Infringing Products, including all recalled Infringing Products, (ii) any other products that use YETI's trademarks and/or a copy, reproduction, or colorable imitation of the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress in Defendant's possession or control, (iii) all plates, molds and other means of making the Infringing Products in Defendant's possession, custody or control, and (iv) all advertising materials related to the Infringing Products in Defendant's possession, custody or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Defendant to publish a public notice providing proper attribution of YETI's trademarks, the YETI 30 oz. Trade Dress, the YETI 20 oz. Trade Dress, the YETI Colster Trade Dress, the YETI Cooler Trade Dress and the YETI Hopper Trade Dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the Infringing Products are recalled;

6.      An Order barring importation of Infringing Products and/or colorable imitations thereof into the United States, and barring entry of the Infringing Products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least15 U.S.C. § 1125(b);

7.      An award of Defendant's profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least Tex. Bus. & Com. Code § 16.104 and 15 U.S.C. § 1117;

8.      An award of damages adequate to compensate YETI for the patent infringements that have occurred pursuant to 35 U.S.C. § 284 or an award of Defendant's profits from their patent infringements pursuant to 35 U.S.C. § 289, whichever is greater, together with prejudgment interest and costs and reasonable attorney fees, pursuant to 35 U.S.C. §§ 284 and 285; and

9.      Such other and further relief as this Court deems just and proper.


Respectfully submitted,
BAKER BOTTS L.L.P.


By: /s/ Joseph Gray
      Joseph Gray
      Texas Bar No. 24045970
      joseph.gray@bakerbotts.com
      98 San Jacinto Blvd., Suite 1500
      Austin, Texas 78701
      (512) 322-2639
      (512) 322-8385 fax

BANNER & WITCOFF, LTD.

Joseph J. Berghammer (*pro hac vice forthcoming*)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Louis DiSanto (*pro hac vice forthcoming*)
Illinois Bar. No. 6286044
ldisanto@bannerwitcoff.com
Sean Jungels (*pro hac vice forthcoming*)
Illinois Bar No. 6303636
sjungels@bannerwitcoff.com
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
(312) 463-5000
(312) 463-5001 fax

**ATTORNEYS FOR PLAINTIFF YETI COOLERS, LLC**